Peter Strojnik, 6464
THE LAW FIRM OF PETER STROJNIK
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012
Telephone: 602-297-3019
Facsimile: 602-297-3176
e-mail: Strojnik@aol.com; lawyer@strojnik.com
Attorney for Plaintiff

IN THE IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STEALING HOME, is an Arizona Limited Liability Company,<br><br>  Plaintiff,<br><br>vs.<br><br>SUPPER SOLUTIONS FRANCHISING, INC.; a Colorado Corporation; JOHN and JANE DOES 1-10;<br><br>  Defendants. | NO.<br><br>**COMPLAINT**<br><br>Declaratory Judgment<br><br>Stay of Arbitration |

**JURISDICTION**

1. Plaintiff is an Arizona limited liability company with its principal place of business in the State of Arizona. Defendant is a Colorado corporation having its principal place of business other than in the State of Arizona. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

2. This action arises under the Full Faith and Credit clause of the Constitution of the United States. U.S. Const. art. IV, Section 1, cl. 1.

3. This action arises under 28 U.S.C. Section 1738 as more fully appearing hereinafter.

## SUBSTANTIVE ALLEGATIONS

4. Plaintiff Stealing Home Enterprises, L.L.C. is an Arizona Limited Liability Company authorized to and doing business in the State of Arizona, County of Maricopa.

5. Defendant is believed to be a Colorado corporation conducting business in the State of Arizona, County of Maricopa.

6. Plaintiff conducts no business in the State of Colorado, and is not subject to the Courts of the State of Colorado.

7. On May 5, 2006, Defendant filed with the Colorado office of the American Arbitration Association a Demand for Arbitration pursuant to a Franchising Agreement to which Plaintiff is not a party.

8. The Demand for Arbitration listed Plaintiff as a Respondent.

9. The arbitration was commenced on the basis of the arbitration clause contained in a Franchising Agreement between Supper Solutions and one Richard Sabell.

10. The Demand for Arbitration sought to establish AAA's jurisdiction over Stealing Home Enterprises, LLC, by alleging:

> Upon information and belief, Respondent Rick Sabell ("Sabell") is an Arizona resident doing business as Stealing Home Enterprises, LLC ("Stealing Home") (collectively "Respondents").

11. Limited Liability Company is a separate company, a creature of statute, and an independent legal entity, although Richard Sabell is a member therein. ARS § 29-601 *et seq.*

12. Plaintiff is not subject to arbitration pursuant to an arbitration clause to which it is not a party.

13. Prior to the filing of the Demand for Arbitration, on October 15, 2005, Plaintiff had filed a Complaint against Defendant in the Maricopa County, Arizona Superior Court under cause number CV 2005-016034.

14. In the Maricopa County Action, Supper Solutions filed a Motion To Dismiss against Stealing Home on the basis that:

> Richard James 'Rick' Sabell ("Sabell") is the *only* individual or entity that may assert claims arising out of the Franchise Agreement and the franchise relationship and that those claims must be arbitrated in Colorado....*First*, Plaintiff is *not* a party or privy to the Franchise Agreement and, therefore, cannot enforce its terms. (Emphasis in original)

15. In the Maricopa County Proceeding, the Court recognized that the Sabell – Supper Solutions Franchising Agreement and the arbitration clause therein did not apply to Stealing Home.

16. The Court ruled that the *Stealing Home v. Supper Solutions* controversy was properly before the Maricopa County, Arizona, Superior Court, because Stealing Home was not a signatory to the Franchised Agreement, and, therefore it was *not* subject to the arbitration clause in the Franchise Agreement.

17. Indeed, the controversy between Plaintiff and Defendant is not subject to the arbitration provision contained in the Franchising Agreement between Defendant and Sabell.

18. Plaintiff's remedy for being hauled into arbitration in the State of Colorado based on an arbitration clause between third parties is to initiate a court action pursuant to Colorado Statute §13-22-206 which provides:

> **13-22-206. VALIDITY OF AGREEMENT TO ARBITRATE.**
>
> (1) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is

valid, enforceable, and irrevocable except on a ground that exists at law or in equity for the revocation of a contract.

(2) The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.

(3) An arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is enforceable.

(4) If a party to a judicial proceeding challenges the existence of, or claims that a controversy is not subject to, an agreement to arbitrate, the arbitration proceeding may continue pending final resolution of the issue by the court, unless the court otherwise orders.

19. Colorado Revised Statute §13-22-201(3) defines the term "court" as "a court of competent jurisdiction in *this state*" (Emphasis supplied).

20. The Colorado statutory scheme, therefore, forces a person over whom Colorado Courts have to jurisdiction to either (1) submit to arbitration in the State of Colorado by default; or (2) submit to the Colorado Courts to determine arbitrability pursuant to statute.

21. Plaintiff is constitutionally protected from being forced to initiate a court action in a State that has no jurisdiction over Plaintiff.

22. The Colorado Statutory scheme, by demanding that the question of arbitrability be determined by a "court of competent jurisdiction *in this state*", denies Plaintiff the right to initiate an action to determine arbitrability in the state of his domicile, that is, Arizona, and to then apply to the State of Colorado Court to recognize such judgment pursuant to the Full Faith and Credit clause of the United States Constitution, U.S. Const. art. IV, Section 1, cl. 1, and 28 U.S.C. Section 1738.

23. Colorado Statutory Scheme is unconstitutional and contrary to federal law.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a declaration that the Colorado Statutory scheme as outlined above violates the Full Faith and Credit Clause of the Constitution of the United States; and

2. For a declaration that the arbitration clause in the Franchising Agreement between Supper Solutions and Rick Sabell does not apply to a non-signatory third party, Plaintiff Supper Solutions; and

3. For an order to stay the Arbitration Proceedings in the State of Colorado against Plaintiff, Stealing Home; and

4. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 31st day of July, 2006.

              THE LAW FIRM OF
              **PETER STROJNIK**

              By: Peter Strojnik
              Attorney for Plaintiff

The Original of the foregoing electronically filed
With the Clerk of the District Court this
31st day of July, 2006.

_____